## TURNER v. SHERIDAN.

(City Court of New York, General Term.   July 11, 1900.)

HUSBAND AND WIFE—SURETYSHIP—WIFE'S LIABILITY FOR DEBT OF HUSBAND —NOTES—RENEWAL—CONSIDERATION.

Where, by virtue of a foreign statute in the state where a note was given by a married woman as surety for the debt of her husband, she was not liable thereon, she could not be held on a note subsequently executed by her after her husband's death, in renewal of the previous note, on an additional consideration, that the payee should forbear to sue her husband's estate, since such forbearance is not a sufficient consideration to support her assumption of the indebtedness.

Appeal from trial term.

Action by William Turner against Theresa A. S. Sheridan.   Judgment for plaintiff, and defendant appeals.   Reversed.

Argued before CONLAN and SCHUCHMAN, JJ.

Arthur J. Martin, for appellant.

Edward Swann, for respondent.

CONLAN, J.   The action was brought upon a promissory note made by the plaintiff, a married woman, a resident of New Jersey, dated at Jersey City, N. J., October 16, 1899, and payable also in Jersey City.   The note was given in renewal of a former note by the same person.   The defense is that the note is without consideration. The consideration claimed for the note was an alleged agreement made with the defendant that he would not press the estate of the deceased husband, who was liable as an indorser on a note given by defendant, and indorsed by her husband, Hugh P. Sheridan, for the same amount as the note in suit; the said Hugh P. Sheridan having died before the second note was given.   Upon the trial the statutes of the state of New Jersey relating to the rights and liabilities of married women were offered and received in evidence, which were to the effect that a married woman since 1874 had the right to contract the same as if she were sole and unmarried, with the proviso that she should not be accommodation guarantor or surety, or be answerable for the debt, default, or liability of another person.   The attempt was made to fasten the liability for the price of the merchandise for which the note was given in renewal, but we do not think the preponderance of evidence upon that precise point was with the plaintiff, and the

defendant flatly denied any knowledge of the original transaction at the time of its occurrence. The court, in its charge to the jury, among other things, said: It was for them to find whether or not the laws of New Jersey enabled her to ignore or escape liability under the married woman's act, which had been proven, and whether or not she was interested in the purchase of the coal. She cannot plead no interest now in the original contract, nor set that up as a valid defense, —and thereafter added to his charge by saying, "The mere renewal of a note not valid against her would not make her liable." This language, together with the following in an earlier portion of the charge, namely: "If she was not interested in it, but had agreed, in consideration that Mr. Turner should withhold his legal right to press the estate of her deceased husband for payment, then there would be a new consideration moving between the parties, and would make the second note valid as between them,"—we think, was error, and that the jury had the right to infer therefrom that there was a valid consideration moving to the defendant for the second note, whereas it does not appear from the evidence that there really was any at all. The plaintiff himself is far from saying so in any words that can be taken positively as evidence of any liability on the part of the defendant. His statements are wholly contradictory and misleading on that point, and he cannot be permitted to make evidence for himself by preparing and sending a bill, which the defendant says she never received, wherein the account was charged against Mrs. and Mr. Sheridan. We do not understand that a promise on the part of the plaintiff to postpone action against the deceased husband's estate was a benefit in any way accruing to the defendant, or that it was a sufficient consideration for her to assume to pay the debt of another. Under the laws of New Jersey, she clearly was not liable; nor are we able to find anything in the record before us which could operate against her, so as to remove her from the scope of New Jersey statutes affecting married women. The note in question, as well as that for which it was given in renewal, were, to our minds, obligations admitted to be forced upon the defendant by way of surety for her husband, and this was contrary to the letter and spirit of the law.

For these reasons, we think the judgment and order appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event.

SCHUCHMAN, J., concurs.